IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/<br>Appellee,<br><br>vs.<br><br>EDDY A. GEORGE,<br><br>Defendant/<br>Appellant. | No. CR-F-03-5453 OWW<br><br>ORDER DENYING DEFENDANT/APPELLANT EDDY GEORGE'S REQUEST TO ENTERTAIN LIMITED REMAND FROM THE NINTH CIRCUIT (Doc. 440) |

On November 19, 2007, the Ninth Circuit issued an Order in Appellate Case Nos. 06-10488 and 06-10489, denying Defendant/Appellant Eddy George's motion for a limited remand "without prejudice to renewal accompanied by a written indication that the DC is willing to entertain a limited remand."

On November 26, 2007, George filed a request that this Court entertain a limited remand from the Ninth Circuit for the "limited purpose of clarifying its ruling regarding Mr. George's issues contained within his new trial motion."

1

In co-defendant Nobari's motion for new trial filed under seal on January 31, 2006 (Doc. 292), Nobari asserted that "[t]he court's failure to give a special unanimity instruction regarding which gun was the basis of the § 924(c) conviction against Mr. Nobari denied him the constitutional right to a unanimous verdict on Count Three."  In support of this ground for a new trial, Nobari cited *United States v. Shotwell,* 2005 U.S. App. LEXIS 29012 (9th Cir. December 30, 2005).

In George's motion for new trial filed under seal on February 1, 2006 (Doc. 294), George raised as a ground for a new trial, *inter alia,* "the failure of the court to instruct the jury respecting the affirmative defense instruction regarding a unanimous jury instruction (unanimity instruction) related to the entrapment defense.  United States v. Shotwell*,* 2005 U.S. App. LEXIS 29012 (9th Cir. December 30, 2005)."  George argued in his written memorandum that, although he did not request such a jury instruction during trial, *Shotwell* required that a new trial be granted.  On February 1, 2006, George filed a motion to join Nobari's motion for new trial (Doc. 293) "respecting grounds raised that relate to racial stereotyping, prosecutorial vouching, disparaging the defense, and other misconduct", adopted "the legal arguments and factual references to the record that are contained in Mr. Nobari's motion except as to those arguments and factual references regarding the 924(c) argument" and advised that "[t]he legal arguments and factual references advanced in Mr. George's motion raise specific issues that are unique to Mr.

George."

The motions for new trial were argued on June 9, 2006 and were denied from the bench, the Minute Order stating that "Court will issue written decision" (Doc. 329). The "Statement of Decision and Order Denying Defendants' Motions for New Trial" was filed on August 31, 2006 (Doc. 400). In pertinent part, the written Statement of Decision addressed only the argument made by Nobari that the failure to give a specific unanimity discussion for the Section 924(c) offense was error notwithstanding defense counsel's failure to request such an instruction. The Statement of Decision did not specifically address George's argument that the failure to give an unanimity instruction on his affirmative defense of entrapment was error entitling him to a new trial.

In the motion for a limited remand, George argues that the ruling in the Statement of Decision does not apply to him, "does not address his unique issues," and that, "[w]ithout a ruling on the unanimity instruction issue regarding the entrapment defense ..., Mr. George has no appealable final judgment within the aegis of 28 U.S.C. § 1291."

In the Conclusion of the Statement of Decision, it was ruled:

> All the reasons stated within court on June 9, 2006, at the hearing of Defendants' motions for new trial are incorporated by this reference and made a part of the decision. Defendants' motions for new trial are DENIED.

At the hearing on June 9, 2006, counsel for George argued that the failure to give the unanimity instruction on the entrapment defense was error (Doc. 395, June 9, 2006 RT 8:16-21; 42:3-44:21). The United States responded to those arguments (Doc. 395, June 9, 2006 RT 54:7-55:1). George's motion was denied from the bench (Doc. 395, June 9, 2006 RT 59:12-60:9). The Court specifically stated: "[T]he motions for new trial, Mr. Shino, Eddy George, Michael Nobari and Rito Zazueta, are all denied. And I will provide the parties with a written analysis in addition to what has been stated here." (Doc. 395, June 9, 2006 RT 60:6-9). Because the Statement of Decision incorporated the oral reasons given by the Court on June 6, 2006 in denying the motions for new trial, George's contention that the Court did not address this ground for a new trial is without merit.

Further, George's contention that the failure to specifically address a ground for new trial in the Statement of Decision means that no final appealable judgment has been issued with respect to him is unsupported by citation to appropriate legal authority. There is no question that a notice of appeal filed while a motion for new trial is pending before the district court is a nullity and that the failure to file a notice of appeal following ruling on the motion for new trial deprives the Ninth Circuit of jurisdiction over the appeal. *See Brodigan v. McCormack,* 704 F.2d 1073, 1074 (9th Cir.1983). *Brodigan* has no application here because the motions for new trial, including

4

George's, were denied by oral ruling on June 9, 2006.  That the Statement of Decision filed on August 31, 2006 did not specifically address George's claim but, rather incorporated by reference the reasons stated in the oral statement of decision, does not negate the fact that all of the motions for new trial were denied on June 9, 2006, well before George filed the Notice of Appeal on August 3, 2006.

## CONCLUSION

For the reasons stated above, and because the unanimity issue has been addressed, Defendant/Appellant Eddy George's request to entertain limited remand from the Ninth Circuit is **DENIED**.

IT IS SO ORDERED.

**Dated:   December 6, 2007**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE